**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JMA ENERGY COMPANY, L.L.C., an Oklahoma Limited Liability Company, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. CIV-07-100-F |
| PATTERSON-UTI DRILLING, L.P., L.L.L.P., a Limited Liability Partnership, | ) ) ) ) ) |
| Defendant. | ) |

**O R D E R**

From a review of the notice of removal filed January 25, 2007, it is clear that this case was removed to this court on the basis that this court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy in excess of $75,000).

Plaintiff identifies itself in paragraph 1 of its petition as a limited liability company formed under the laws of the State of Oklahoma. The Tenth Circuit has not specifically ruled with respect to the method of determining the citizenship of a limited liability company for purposes of diversity jurisdiction. *But c.f.*, Shell Rocky Mountain Production, LLC v. Ultra Resources, Inc., 415 F.3d 1158, 1162 (10th Cir. 2005) ("It is undisputed that Shell is a Delaware limited liability corporation (LLC) and its principal place of business is Houston, Texas. Thus, Shell is a citizen of both Delaware and Texas."). However, every other circuit court that has addressed the question has determined that the citizenship of a limited liability company is the citizenship of its members. *See*, Johnson v. Columbia Props. Anchorage, LP, 437

F.3d 894, 899 (9th Cir. 2006); General Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114,121 (4th Cir. 2004); GMAC Commer Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004); Rolling Greens MHP v. Comcast Sch. Holdings, 374 F.3d 1020, 1022 (11th Cir. 2004); Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 692 (7th Cir. 2003); and Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2nd Cir. 2000); *see also*, 15 James WM. Moore, Moore's Federal Practice § 102.57[8] (3d ed. 2006).

Although plaintiff identifies itself as a limited liability company formed under the laws of the State of Oklahoma, it fails to identify its members and the citizenship of its members.

In addition, defendant is identified in paragraph 2 of its notice of removal as a limited liability limited partnership. The United States Supreme Court has determined that for purposes of diversity jurisdiction, the citizenship of the limited partnership is the citizenship of all of its members. Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990).

Although defendant, in its notice of removal, identifies its general partner as Patterson (GP2) LLC and its limited partner as Patterson-UTI Drilling LP, LLLP, it fails to identify the members of the general partner and the limited partner and the citizenships of those members.

Therefore, defendant is directed to file, within 30 days of the date of this order, a statement identifying the members of plaintiff, and the citizenship of those members. It shall also identify the members of defendant and the citizenship of those members. If any member of plaintiff or defendant is also a limited liability company or a limited partnership, the required statement shall likewise identify the members of the limited liability company or the limited partnership and specify its members' citizenships.

If the information is not available to defendant as to the members of plaintiff and the citizenship of those members, the filing of that information is excused, in which event the court will expect counsel to be prepared to discuss this aspect of the case at the status and scheduling conference to be held in this case.

Dated this 29th day of January, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0100p002.wpd